FILED
5th JUDICIAL DISTRICT COURT
Eddy County
1/23/2023 4:42 PM
MARTHA HUEREQUE
CLERK OF THE COURT
Martha Huereque

**STATE OF NEW MEXICO**
**COUNTY OF EDDY**
**FIFTH JUDICIAL DISTRICT**

**DR. WILLIAM C. GARDNER, D.D.S.,**

      **Plaintiff,**

**vs.**

      No. D-503-CV-2023-00055

**CHARLES SCHUMACHER, DDS;**
**DAVID WARREN III, DDS; BURRELL**
**TUCKER DDS; LEO PAUL BALDERAMOS,**
**DDS; JOLYNN GALVIN, DDS; ERMELINDA**
**BACA, RDH; and MELISSA BARBARA, RDH,**

Case assigned to Riley, Lisa B.

      **Defendants.**

## COMPLAINT

COMES NOW Plaintiff, Dr. William C. Gardner, DDS and for his causes of action against the Defendants alleges and states as follows:

1. Plaintiff is an individual resident of the State of New Mexico.

2. Each of the Defendants are individual residents of the State of New Mexico.

3. Plaintiff is a Dentist. Until the wrongful deprivation of Plaintiff's constitutional rights described in this Complaint Plaintiff held a license to practice dentistry issued by the New Mexico Board of Dental Health Care (the "Board").

4. Each of the Defendants was a member of the Board at the time that the Defendants acted to deprive Plaintiff of his constitutional rights.

5. This Court has personal jurisdiction over the Defendants because each Defendant is a citizen and resident of the State of New Mexico.

6. Venue is proper in this judicial district because one or more of the Defendants



EXHIBIT
A

resides in this judicial district.

7.     At all times relevant to this Complaint, the Defendants were acting under color of state law in considering and acting on a complaint seeking the revocation of Plaintiff's license to practice dentistry in New Mexico. Specifically, the Defendants were acting under and pursuant to NMSA §§ 61-5A-10; 61-5A-21; 61-1-3.

8.     Until at least January 1, 2020, Plaintiff was a practicing dentist in New Mexico pursuant to a license issued and regulated by the Board.

9.     During November 2019, the Defendants acted to revoke Plaintiff's license to practice dentistry effective January 1, 2020. The Defendants' decision was the result of a complaint against Plaintiff filed by Delta Dental of Michigan, an affiliate of Delta Dental of New Mexico (collectively, "Delta Dental").

10.    Delta Dental is a provider of dental insurance to citizens of New Mexico including Plaintiff's patient whose dental work was the subject of Delta Dental's complaint against Plaintiff.

11.    Each of the Defendant dentists has a premier contract with Delta Dental pursuant to which the dentists receive referrals from Delta Dental in exchange for agreeing to various conditions of being a member of Delta Dental's premier network including limits on the amount that can be charged for various services and the details of the review process associated with the provision of services and the submission of claims.

12.    Each of the Defendant dental hygienists is employed by a dental practice that has a premier contract with Delta Dental.

13.    Plaintiff was a premier Delta Dental dentist until March 28, 2014, when Delta Dental, without cause, terminated Plaintiff's premier provider contract with Delta Dental.

14.    The complaint against Plaintiff that the Defendants considered urged the

2

Defendants to revoke Plaintiff's license to practice dentistry because Delta Dental alleged that Plaintiff had improperly altered an x-ray of a patient to support an allegedly fraudulent claim for payment submitted by Plaintiff.

15.     Prior to filing the complaint against Plaintiff and prior to the decision of the Defendants to revoke Plaintiff's license to practice dentistry, Delta Dental destroyed the original x-ray that Delta Dental claimed Plaintiff had improperly altered.  On information and belief, Plaintiff alleges that Delta Dental intentionally destroyed the original x-ray for the purpose of avoiding examination of the document or cross examination of its witness regarding the alleged alteration.

16.     The Defendants based their decision to revoke Plaintiff's license to practice on the conclusion that Plaintiff altered the original x-ray at issue.  The Defendants did not require production of the original x-ray and did not provide Plaintiff with an opportunity to examine the same, present evidence thereon, or cross-examine the only witness making claims against Plaintiff with respect to the original x-ray or its alteration.  The sole witness against Plaintiff before the Board was Jason Snider, an employee of Delta Dental who is neither a Dentist nor a radiologist.

First Cause of Action
Deprivation of Due Process Rights Under Color of State Law

17.     Plaintiff had a constitutionally cognizable property interest in his professional license to practice dentistry.  Plaintiff's property interest in his professional license cannot be deprived by the Defendants acting under color of state law without due process of law pursuant to the 14th Amendment to the United State Constitution.

18.     Defendants deprived Plaintiff of his constitutional right to due process by revoking his professional license to practice dentistry following a proceeding in which Defendants denied

2

Plaintiff his constitutional right to due process of law.

19.     Defendants, acting as the Board under color of state law, revoked Plaintiff's professional license without affording Plaintiff a full and complete opportunity to confront and cross examine his accuser by permitting the complaining party to present a claim of alteration of an x-ray without presenting the allegedly altered original x-ray. Without the original allegedly altered x-ray, the Defendants deprived Plaintiff of his due process right to confront and cross-examine his accuser.

20.     Defendants, acting as the Board under color of state law, revoked Plaintiff's professional license without benefit of an impartial and neutral decision-maker. Because each of the Defendants was and is the beneficiary of a lucrative contractual relationship with the complaining party, Delta Dental, and because the sole witness against Plaintiff testified on behalf of Delta Dental, Defendants deprived Plaintiff of his due process right to an impartial decision-maker.

21.     Plaintiff presented the Defendants' lack of neutrality to the Board through a motion seeking recusal of each of the Defendants. The Defendants, acting under color of state law, denied Plaintiff's motion.

22.     Defendants demonstrated that their lack of impartiality was more than just an appearance of impropriety by imposing the revocation of Plaintiff's professional license as a penalty for unproven allegations of a minor infraction greatly out of proportion with penalties imposed on other dentists for similar claims.

23.     Plaintiff is entitled to a temporary restraining order, a preliminary injunction, and a permanent injunction prohibiting the Defendants from enforcing their purported revocation of Plaintiff's professional license pursuant to 42 U.S.C. §1983.

24.     Plaintiff's claim that his constitutional right to due process in the revocation of his license is strong on the merits.  There does not appear to be any dispute that Delta Dental was unable to produce a copy of the allegedly altered x-ray or that each of the Defendants has a financial conflict of interest with the complainant and sole witness.

25.     If Plaintiff's property rights in his license to practice are destroyed without due process, Plaintiff will suffer serious and irreparable harm.  Plaintiff's dental practice in which he has invested years of development will be destroyed.  Plaintiff's reputation in the patient community as well as the dental community will be irretrievably damaged.  Plaintiff will be without the means to offer employment to his staff.  Allowing Defendants to revoke Plaintiff's professional license without due process of law will clearly and immediately do Plaintiff irreparable harm.

26.     Allowing Plaintiff to once again practice dentistry will not harm Defendants. Defendants have no legitimate interest in preventing capable and qualified dentists from providing services to the public.  The Defendants have not found, and there is no evidence to support a finding, that Plaintiff mistreated a patient or failed to live up to the standards of his profession.

27.     The revocation of Plaintiff's license to practice is solely the result of Delta Dental's efforts to protect its financial interest by exercising control over the licensing of dentists by controlling the licensing decisions of the Board through its contracts with Defendants.

28.     The public interest will not be harmed by granting the requested injunctive relief. Delta Dental's interest in avoiding its financial obligations and controlling the licensing of dentists is not a legitimate part of the public interest.

29.     The Defendants' deprivation of Plaintiff's due process rights has proximately caused Plaintiff damages resulting from the utter destruction of his dental practice and the loss in

2

income resulting from his inability to practice the professional for which he was licensed. Plaintiff will prove the amount of his actual damages at trial.

## Second Cause of Action
## Negligence Per Se

30.   Plaintiff restates the allegations of paragraphs 1 through 29 inclusive.

31.   The acts of Defendants described herein were intentional acts that violated obligations imposed on Defendants by NMSA §§10-16-3(A), (C); 10-16-4(A). The obligations imposed on the Defendants regarding their conduct in office were enacted for the benefit of members of the public similarly situated to Plaintiff.

32.   Defendants' acts in violation of a criminal statute amount to negligence *per se*.

33.   Defendants' acts are the direct and proximate cause of damages to Plaintiff resulting from the utter destruction of his dental practice and the loss in income resulting from his inability to practice the profession for which he was licensed. Plaintiff will prove the amount of his actual damages at trial.

## Third Cause of Action
## Civil Conspiracy

34.   Plaintiff restates the allegations of paragraphs 1 through 33 inclusive.

35.   The Defendants agreed on a course of action intended to deprive Plaintiff of his constitutionally protected property right in his license to practice dentistry. On information and belief, one or more of the Defendants entered into an explicit or implicit agreement with Delta Dental to revoke Plaintiff's professional license.

36.   Defendants carried out specific acts in furtherance of the conspiracy. The Defendants individually and as a group voted to revoke Plaintiff's license to practice knowing that each of them held a significant financial interest in Delta Dental, the complainant in the revocation

2

proceeding.

37.    Delta Dental carried out specific acts in furtherance of the conspiracy. Delta Dental filed the complaint against Plaintiff and destroyed the foundational evidence of an allegedly altered x-ray.

38.    Plaintiff suffered damages as the direct and proximate result of the acts of the conspirators in an amount to be proved at trial.

39.    Defendants should be held jointly and severally liable for all of the damages caused by the acts of the conspirators in furtherance of the conspiracy.

Fourth Cause of Action<br>Prima Facie Tort

40.    Plaintiff restates the allegations of paragraphs 1 through 39 inclusive.

41.    Defendants' actions in revoking Plaintiff's license to practice dentistry were knowing and intentional, even if they were lawful.

42.    Defendants revoked Plaintiff's professional license with an intent to injure Plaintiff.

43.    Plaintiff was injured as the result of Defendants' intentional acts through the loss of his property interest in his professional license and through the loss of income resulting from his inability to practice his chosen profession.

44.    There is no justification for Defendants' revocation of Plaintiff's professional license following a hearing in which Defendants jointly and severally denied Plaintiff his constitutional right to due process of law including the right to a neutral decision-maker.

45.    Plaintiff has suffered damages proximately caused by Defendants' intentional deprivation of Plaintiff's constitutional right to due process of law in an amount to be proved at trial.

WHEREFORE, Plaintiff prays that the Court issue a Temporary Restraining Order, a

2

Preliminary Injunction, and a Permanent Injunction prohibiting the Defendants jointly and severally from taking any action that would limit or revoke Plaintiff's license to practice dentistry, entering judgment in favor of Plaintiff and against the Defendants jointly and severally for Plaintiff's actual damages in an amount to be proved at trial, awarding Plaintiff his costs, including a reasonable attorney's fee, and for such other and further relief to which Plaintiff may be entitled.

Gary W. Boyle
15 Spirit Court
Santa Fe, NM 87506
(505) 989-5057

*Attorney for Plaintiff*

2