IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. WILLIAM GARDNER, DDS,

      **Plaintiff,**

v.                                       **Case No. 1:23-cv-00189-MIS-DLM**

CHARLES SCHUMAKER, DDS, et al.,

      **Defendants.**

## MOTION FOR RULE 11 SANCTIONS

COMES NOW the Plaintiff and moves the Court for an order imposing sanctions on the Defendants and their counsel for violating the obligations imposed by F.R.C.P. Rule 11.  In support of his motion, Plaintiff would show the Court as follows:

1.      On March 20, 2023, the Defendants filed a motion to dismiss (Doc. 9).  The motion was signed by Defendants' counsel.

2.      In their motion to dismiss, the Defendants included the following factual assertions:

a.      "Plaintiff's license to practice dentistry was revoked in November 2019, effective January 1, 2020."  Motion to Dismiss (Doc. 9) at 2.

b.      Plaintiff's "license was revoked, effective January 1, 2020."  Motion to Dismiss (Doc. 9) at 5.

c.      "The claimed injury is that [Plaintiff's] license to practice dentistry was revoked in November of 2019, which was effective on January 1, 2020."  Motion to Dismiss (Doc. 9) at 6-7.

d.      "[T]he latest date for commencement of the limitations period was January

1, 2020, when the revocation became effective." Motion to Dismiss (Doc. 9) at 7.

      e.    "The revocation occurred on January 1, 2020." Motion to Dismiss (Doc. 9) at 12.

3.    On May 10, 2023, the New Mexico Board of Dental Healthcare (the "Board") issued an Order regarding Application for Reinstatement in the matter of William Gardner, D.D.S., License Number DD1867 ("Board Order"). The Board Order was signed by Defendant Schumacher and was adopted by the Board including Defendant Schumacher and other Defendants. A true and correct copy of the Board Order is attached to this Motion as Exhibit 1.

4.    In the Board Order, Defendant Schumacher and the other Defendants serving on the Board at the time adopted the following statement: "The effective date of revocation of Mr. Gardner's license is July 17, 2020." Board Order, ¶A at 3.

5.    The Defendants' statement in the Board Order directly contradicts each of the statements in their Motion to Dismiss (Doc.9) described above.

6.    Rule 11(b)(3) provides that signing a written motion certifies to the Court that the factual contentions in the motion have evidentiary support.

7.    The statements made in the Motion to Dismiss (Doc. 9) clearly do not have the sort of evidentiary support required by Rule 11 because the Defendants themselves directly contradicted those statements in the Board Order.

8.    Defendant's statements in the motion to dismiss are material. They form the only basis on which Defendants claim that Plaintiff's §1983 claim should be dismissed. Similarly, the statements in the Board Order are material. They form one of the bases for the Board's denial of Plaintiff's request for reinstatement of his dental license. Defendants' false statements in their Motion to Dismiss are central to the determination of the motion to dismiss.

9      Appropriate sanctions for the Defendants' misrepresentation to the Court under these circumstances would be denial of the motion to dismiss and an award of Plaintiff's costs including a reasonable attorney's fee incurred in responding to the motion to dismiss and all of the costs and fees incurred in filing this motion for sanctions.  To deter further misrepresentation, monetary sanctions should be imposed jointly against the Defendants and counsel who signed the motion to dismiss.

10.      Pursuant to Rule 11(c)(2), a copy of this motion for sanctions was served on Alfred Park, Taylor M. Lueras, and Park & Associates, LLC, counsel for the Defendants, by emailing a true and correct copy to counsel on June 14, 2023.  Notwithstanding service of this motion, the Defendants and counsel have declined to withdraw the Motion to Dismiss.

WHEREFORE, Plaintiff prays that the Court deny the Motion to Dismiss (Doc. 9), award Plaintiff as sanctions his costs including a reasonable attorney's fee incurred in responding to the Motion to Dismiss and in pursuing this Motion for Sanctions, and grant Plaintiff such other and further relief to which he may be entitled.

_____
Gary W. Boyle
BOYLE & FREUDENHEIM
15 Spirit Court
Santa Fe, NM 87506
(505) 989-5057
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

        The undersigned counsel certifies that he delivered a copy of the above and foregoing to the following counsel of record by email on June 14, 2023.

Alfred A. Park
Taylor M. Lueras
Park & Associates, LLC
3840 Masthead St. NE
Albuquerque, NM 87109

_____