**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DR. WILLIAM GARDNER, DDS,

    Plaintiff,

    v.                                     No.1:23-cv-00189-MIS-DLM

CHARLES SCHUMACHER, DDS;
DAVID WARREN, III, DDS;
BURRELL TUCKER, DDS;
LEO PAUL BALDERAMOS, DDS;
JOLYNN GALVIN, DDS;
ERMELINDA BACA, RDH; and
MELISSA BARBARA, RDH,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S
<u>MOTION FOR PARTIAL DISMISSAL WITHOUT PREJUDICE</u>**

**THIS MATTER** is before the Court on the Motion to Dismiss filed by Defendants Charles Schumacher, DDS, David Warren, III, DDS, Burrell Tucker, DDS, Leo Paul Balderamos, DDS, Jolynn Galvin, DDS, Ermelinda Baca, RDH, and Melissa Barbara, DDH on March 20, 2023.  ECF No. 9.  Plaintiff Dr. William Gardner, DDS, filed a Response on April 17, 2023, ECF No. 16, to which Defendants filed a Reply on May 1, 2023, ECF No. 18.

Also before the Court is Plaintiff's Motion for Partial Dismissal Without Prejudice, filed on April 17, 2023 (contemporaneously with his Response to Defendants' Motion to Dismiss).  ECF No. 15.  Defendants filed a Response on April 18, 2023, ECF No. 17, to which Plaintiff did not Reply.

Upon due consideration of the parties' submissions, the record, and the relevant law, the Court will **GRANT** Defendants' Motion to Dismiss and **DENY** Plaintiff's Motion for Partial Dismissal Without Prejudice.

## FACTUAL BACKGROUND[1]

Plaintiff is a dentist who previously held a license to practice dentistry issued by the New Mexico Board of Dental Health Care (the "Board"). ECF No. 1-1 ¶ 3. Defendants were members of the Board who, "[d]uring November 2019, acted to revoke Plaintiff's license to practice dentistry effective January 1, 2020." Id. ¶ 9.

Defendants' decision to revoke Plaintiffs' license was the result of a complaint filed against Plaintiff by insurance company Delta Dental of Michigan ("Delta Dental"). Id. The complaint alleged that Plaintiff had improperly altered an X-ray of a patient to support a fraudulent claim for payment submitted by Plaintiff. Id. ¶ 14. Prior to filing the complaint, Delta Dental destroyed the original X-ray that it claimed Plaintiff had improperly altered. Id. ¶ 15. Defendants based their decision to revoke Plaintiff's license on the conclusion that Plaintiff altered the original X-ray. Id. ¶ 16. "Defendants did not require production of the original x-ray and did not provide Plaintiff with an opportunity to examine the same, present evidence thereon, or cross-examine the only witness making claims against Plaintiff with respect to the original x-ray or its alteration." Id.

## PROCEDURAL BACKGROUND

On January 23, 2023, Plaintiff filed a Complaint in New Mexico state court alleging four causes of action:

---

[1] The Court accepts the truth of all well-pleaded factual allegations in Plaintiff's Complaint and draws all reasonable inferences in Plaintiff's favor for the purposes of Defendants' Motion.

- Count I alleges that Defendants violated Plaintiffs' Fourteenth Amendment right to procedural due process in violation of 42 U.S.C. § 1983.  Id. ¶¶ 17-29.
- Count II alleges negligence per se based upon Defendants' alleged violations of N.M. Stat. §§ 10-16-3 and 10-16-4.  Id. ¶¶ 30-33.
- Count III alleges civil conspiracy.  Id. ¶¶ 34-39.
- Count IV alleges prima facie tort.  Id. ¶¶ 40-45.

On March 6, 2023, Defendants filed a Notice of Removal, invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331.  ECF No. 1.

On March 16, 2023, Defendants field an Answer and Affirmative Defenses.  ECF No. 6. Defendants' Tenth Affirmative Defense asserts that "Plaintiff's claims are barred by the applicable statute of limitations and notice requirements."  Id. at 7.

On March 20, 2023, Defendants filed the instant Motion to Dismiss.  ECF No. 9.  Although titled "Motion to Dismiss," Defendants move pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings.[2]  Id. at 1, 3.  They argue that (1) all of Plaintiffs' claims are time-barred and (2) Defendants are entitled to sovereign immunity on Counts II through IV.  Id. at 5-12.

On April 17, 2023, Plaintiff filed the instant Motion for Partial Dismissal Without Prejudice.  ECF No. 15.  He moves pursuant to Rule 41(a)(2) for an Order dismissing Counts II through IV without prejudice.  Id.

---

[2] The Court will hereafter refer to Defendant's Motion as one for judgment on the pleadings.

## LEGAL STANDARDS

### I.  Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." Atl. Richfield Co. v. Farm Cred. Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing Mock v. T.G. & Y Stores Co., 971 F.2d 522, 528 (10th Cir. 1992)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." Id. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Twombly, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021).

Although a statute of limitations bar is generally an affirmative defense, it may be resolved on a 12(b)(6) motion to dismiss when "the dates given in the complaint make clear that the right sued upon has been extinguished." Sierra Club v. Okla. Gas & Elec. Co., 816 F.3d 666, 671 (10th Cir. 2016) (citation omitted). A dismissal based on the running of the statute of limitations is

treated as dismissal with prejudice. Rodriguez v. Colorado, 521 F. App'x 670, 671 (10th Cir. 2013) (citing Gocolay v. N.M. Fed. Sav. & Loan Ass'n, 968 F.2d 1017, 1021 (10th Cir. 1992)).

## II. Voluntary dismissal

Federal Rule of Civil Procedure 41—titled "Dismissal of Actions"—governs voluntary and involuntary dismissals. Mitchell v. Roberts, 43 F.4th 1074, 1082 (10th Cir. 2022). Rule 41(a)(1) permits a plaintiff to "dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). Rule 41(a)(2) provides, in relevant part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[3] Fed. R. Civ. P. 41(a)(2) (emphasis added).

## DISCUSSION

The Court will first address Plaintiff's Motion for Partial Dismissal Without Prejudice, and then turn to Defendants' Motion for Judgment on the Pleadings.

## I. Plaintiff's Motion for Partial Dismissal Without Prejudice

Plaintiff moves pursuant to Rule 41(a)(2) for an Order dismissing Counts II through IV without prejudice. ECF No. 15. Defendants argue that Counts II through IV should be dismissed with prejudice for the reasons stated in their Motion to Dismiss—specifically, because all of Plaintiff's claims are time-barred, and Claims II through IV are also barred by sovereign immunity. ECF No. 17. Plaintiff did not file a reply.

---

[3] Rule 41(a)(2) further provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." This provision is inapplicable because Defendants did not plead a counterclaim.

5

The Court finds that Plaintiff is not entitled to the requested relief because Rule 41(a) does not apply to dismissals of less than all claims against a defendant. Gobbo Farms & Orchards v. Poole Chem. Co., Inc., 81 F.3d 122, 123 (10th Circ. 1996). In Gobbo Farms, the plaintiff sued the defendant for breach of contract, breach of express and implied warranties, products liability, and negligence. Id. About one week prior to trial, the plaintiff dismissed the negligence claim. Id. After a jury trial, the district court entered judgment in favor of the plaintiff. Id. However, the defendant filed a motion under Rule 54(d) for attorneys' fees and costs associated with the defense of the negligence claim that the plaintiff dismissed before trial. Id. The district court found that the plaintiff "possessed all information relevant to the negligence claim approximately thirteen months before it dismissed the claim," and therefore "had prosecuted the negligence claim in bad faith." Id. Consequently, the district court granted the defendant's motion for attorneys' fees and costs. Id.

On appeal, the plaintiff argued that the negligence claim had been voluntarily dismissed pursuant to Rule 41(a)(1), but the Tenth Circuit disagreed finding that the

> rule speaks to dismissal of an action, not just a claim within an action. Gobbo offers no authority, and we have found none, to support its contention that Rule 41(a) applies to dismissal of less than all claims in an action. In fact, other circuits and at least one district court in this circuit have specifically held to the contrary.[4]

---

[4] Although there is some disagreement as to whether this language is a holding or dicta, compare Ashford v. Neb. Furniture Mart, Inc., Case No. 17-cv-02097-DDC-GLR, 2017 WL 1332706, at *1 (D. Kan. Apr. 11, 2017) (referring to Gobbo Farms' Rule 41(a) finding as a "holding"), with Sw. Casino & Hotel Corp. v. Flyingman, No. Civ–07–949–C, 2008 WL 4816516, at *1 fn.* (W.D. Okla. Oct. 27, 2008) (referring to Gobbo Farms' Rule 41(a) language as "dicta"), district courts within this circuit have, at a minimum, relied on it as persuasive authority supporting the conclusion that "Rule 41(a)(2) does not provide for piecemeal dismissal of claims, but rather applies only to dismissal of an entire action." Id. Other courts, noting that Gobbo Farms only involved one defendant, have found that Rule 41(a) may be invoked to dismiss all claims against any single defendant in a multiple defendant case. See, e.g., Pedroza v. Lomas Auto Mall, Inc., 304 F.R.D. 307, 322-24 (D.N.M. 2014) (citing 8 James Wm. Moore et al., Moore's Federal Practice § 41.21[1] (3d ed. 2012); 13E Charles Alan Wright et al., Federal Practice and Procedure § 2362 (3d ed. 2009)); see also Estate of Hurtado v. Smith, Civil Action No. 20-cv-03505-DDD-NYW, 2022 WL 2439088, at *2 (D. Colo. July 5, 2022) ("Rule 41 does not permit the dismissal of fewer than all claims against a single defendant . . . ."); Van Leeuwen v. Bank of Am., N.A., 304 F.R.D. 691, 696-97 (D. Utah 2015) (same). The Tenth Circuit Court of Appeals recently endorsed this interpretation of Rule 41(a) in an unpublished opinion. Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc., No. 21-5022, 2022 WL 881575, at *2 & n.4 (10th Cir. 2022).

6

Id. (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988); Mgmt. Invs. V. United Mine Workers, 610 F.2d 384, 394 n.22 (6th Cir. 1979); Exxon Corp. v. Md. Cas. Co., 599 F.2d 659, 662 (5th Cir. 1979); In Re Wyo. Tight Sands Anti Tr. Cases., 128 F.R.D. 121, 123 (D. Kan. 1989)). See also Hawkinson v. Obrien, Civil Action No. 18-cv-03022-PAB-KMT, 2020 WL 3619557, at *3 (D. Colo July 2, 2020) ("Rule 41 is not an appropriate mechanism for dismissing fewer than all claims in an action."); HR Tech., Inc. v. Imura Int'l U.S.A., Inc., No. 08-2220-JWL, 2011 WL 2174919, at *2 (D. Kan. June 3, 2011) ("Rule 41 applies only to the dismissal of an entire action and not merely the dismissal of a claim.").

Here, Plaintiff is not seeking to dismiss an action; he is seeking to dismiss three counts of a four-count Complaint against a single defendant. He cannot do so pursuant to Rule 41(a)(2). See Gobbo, 81 F.3d at 123; see also Royal Pac. Ltd. v. Faith Elec. Mfr. Co., Ltd., 322 F. Supp. 3d 1178, 1183 (D.N.M. 2018) (finding that Rule 41(a) did not apply to a plaintiff's request to dismiss two claims of a five-count complaint) (citing Gobbo, 81 F.3d at 123). Accordingly, his Motion for Partial Dismissal is **DENIED**.

## II.     Defendants' Motion for Judgment on the Pleadings

In their Motion for Judgment on the Pleadings, Defendants argue that (1) all of Plaintiffs' claims are time-barred and (2) Defendants are entitled to sovereign immunity on Counts II through IV. ECF No. 9 at 5-12. Because the Court finds that all four claims are time-barred, it will confine its analysis to that issue.

Defendants argue that the statute of limitations applicable to Count I is three years, and the statute of limitations applicable to Counts II through IV is two years. ECF No. 9 at 5-6. They argue that the limitations period began to run, at the latest, on January 1, 2020, when Plaintiff's

license was revoked. Id. at 5, 7. Because Plaintiff's complaint was filed more than three years later on January 23, 2023, Defendants argue that all four counts are time-barred. Id. at 5-7.

Plaintiff argues that the Motion should be denied because whether Count I is time-barred is not apparent on the face of the Complaint. ECF No. 16 at 1. He further argues that, in any event, Count I accrued, and the statute of limitations began to run, on July 17, 2020, when a New Mexico state court lifted a stay on the Board's Decision and Order revoking Plaintiff's license, because the revocation was not enforceable until that date.[5] Id. at 3. As such, he maintains that Count I was timely filed within the three-year limitations period. Id. at 3, 6. He further argues that the statute of limitations was equitably tolled for 211 days during his appeal of the Board's Decision and Order.[6] Id. at 5. He further asserts that the "repeated violation doctrine" applies because when "Defendants attempted for the second time to enforce a revocation on January 26, 2021, there was a new violation that restarted the limitations period." Id. at 6. Plaintiff does not address whether Counts II through IV are barred by the applicable statute of limitations.

In their Reply, Defendants argue that the Court may rule on the statute of limitations issue because the dates contained in the Complaint make clear when the injury occurred. ECF No. 18 at 2, 5. They further argue that Counts II through IV should be dismissed as time-barred because

---

[5] These facts are not contained in the Complaint.

[6] Plaintiff also argues that "[t]he limitations period has been tolled specifically as the result of the automatic stay provided by the Bankruptcy Code." ECF No. 16 at 5 (citing LSF9 Master Participation Tr. V. Sanchez, 450 P.3d 413, 415 (N.M. Ct. App. 2018). The Court summarily rejects this argument as nonsensical and without any basis in law or fact.
    Plaintiff further argues that "[t]he judicial stay in this case is substantively the same, for purposes of tolling, as the automatic stay in the bankruptcy context." ECF No. 16 at 5. The Court summarily rejects this argument because Plaintiff has failed to cite any supporting authority in violation of Local Rule 7.3. D.N.M.LR-Civ. 7.3(a). And in any event, the state court's order staying the Board's decision to revoke Plaintiff's license is not substantively the same as a stay in proceedings automatically imposed pursuant to a federal statute upon the filing of a bankruptcy petition. See 11 U.S.C. § 362. The automatic stay imposed by 11 U.S.C. § 362 simply has no application to this case, either by operation or analogy.

the Complaint was filed more than two years after the July 17, 2020 accrual date asserted in Plaintiff's Response.[7] Id. at 3-4. They contend that the procedural due process claim asserted in Count I accrued on November 26, 2019, because "[i]t was on that day that he knew or should have known of his claims that . . . he did not receive the proper procedural due process under the Fourteenth Amendment to the U.S. Constitution by the Dental Board when it caused his license to be revoked in its November 26, 2019 decision." Id. at 7. They further argue that equitable tolling is inapplicable to Count I because there was no obstacle to filing the present action within the statute of limitations.[8] Id. at 9. Finally, Defendants argue that the repeated violation doctrine is inapplicable because "Plaintiff's Complaint does not articulate any assertions that the enforcement action on January 26, 2021 was violative of his 14th Amendment procedural due process rights. He alleges that the procedure leading to the revocation by the Dental Board in November of 2019 is the basis of his claim." Id. at 12. They further argue that even if the

> Court accepts Plaintiff's argument that the repeated violation doctrine applies, then the only action remaining would be whether Plaintiff received appropriate process related to the January 26, 2021 enforcement action. Plaintiff would be barred from recovering any damages related to the procedure leading up to the Dental Board's Decision and Order revoking his license on November 26, 2019. In other words, the January 26, 2021 would constitute the commencement of the statute of limitations based solely on that enforcement action, as it would not "restart" the statute of limitations, but would be a discrete act separate from the initial revocation action.

Id. at 12-13.

---

[7] Defendants further argue that Counts II through IV should be dismissed as barred by the New Mexico Torts Claims Act. ECF No. 18 at 3-4.

[8] Defendants further argue that New Mexico's statutory tolling provision is inapplicable to Count I. ECF No. 18 at 7-8. However, Plaintiff does not argue that Count I is subject to statutory tolling.

### A. Count I

The statute of limitations for a Section 1983 claim in New Mexico is three years, "as provided in New Mexico's statute of limitations for personal-injury claims." Varnell v. Dora Consol. Sch. Dist., 756 F.3d 1208, 1212 (10th Cir. 2014) (citing N.M Stat. Ann. § 37-1-8 (West 2014)); see also Schrader v. Richardson, 461 F. App'x 657, 660 (10th Cir. 2012). "A civil rights action accrues when 'facts that would support a cause of action are or should be apparent.'" Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995) (quoting Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 645 (5th Cir. 1988)). Stated differently, "[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Baker v. Bd. Of Regents of Kan., 991 F.2d 628, 632 (10th Cir. 1993) (citations omitted).

The Complaint alleges that "[d]uring November 2019, the Defendants acted to revoke Plaintiff's license to practice dentistry effective January 1, 2020." ECF No. 1-1 ¶ 9. Count I more specifically alleges that "Defendants deprived Plaintiff of his constitutional right to due process by revoking [Plaintiff's] professional license to practice dentistry following a proceeding in which Defendants denied Plaintiff his constitutional right to due process of law." ECF No. 1-1 ¶ 18. It further alleges that Defendants "revoked Plaintiff's professional license without affording Plaintiff a full and complete opportunity to confront and cross examine his accuser by permitting the complaining party to party to present a claim of alteration of an x-ray without presenting the allegedly altered original x-ray[,]" id. ¶ 19, and "without benefit of an impartial and neutral decision-maker[,]" id. ¶ 20. All of these actions occurred prior to January 1, 2020, when Defendant's decision to revoke Plaintiff's license became effective.

Because Count I complains only of conduct leading up to the license revocation, the Court finds that Plaintiff knew or should have known that his procedural due process rights had been

violated on January 1, 2020 <u>at the latest</u>. See <u>Rascoe v. Cody</u>, 763 F. App'x 228, 231-32 (3d Cir. 2019) (finding that the plaintiffs' procedural due process claim accrued on the date they received a letter revoking their license to operate a personal care facility, holding: "Because Plaintiffs complain of conduct leading up to the license revocation, they were objectively aware of the consequence and injury from such conduct when they received the . . . letter revoking their license to operate."). It is irrelevant that the New Mexico state court stayed the Board's decision until July 17, 2020. See <u>Kelly v. City of Chicago</u>, 4 F.3d 509, 512 (7th Cir. 1993) (holding that the plaintiffs' section 1983 due process claim accrued on the date the plaintiffs' license was revoked, and not the date the revocation was enforced following a state court appeals process) (citing <u>Chardon v. Fernandez</u>, 454 U.S. 6 (1981); <u>Del. State Coll. V. Ricks</u>, 449 U.S. 250 (1980)). Plaintiff filed his Complaint on January 23, 2023—more than three years after his 1983 claim accrued. Therefore, Count I is time-barred unless the limitations period is subject to tolling.

      Plaintiff initially argues that the limitations period should be equitably tolled. State law governs limitations and tolling issues in Section 1983 cases. <u>Roberts v. Barreras</u>, 484 F.3d 1236, 1240 (10th Cir. 2007) (citations omitted). "Under New Mexico law, 'the party claiming that the statute of limitations should be tolled has the burden of setting forth sufficient facts to support its position.'" <u>Id.</u> (quoting <u>City of Carlsbad v. Grace</u>, 966 P.2d 1178, 1181 (N.M. Ct. App. 1998)). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" <u>Slusser v. Vantage Builders, Inc.</u>, 306 P.3d 524, 531 (N.M. Ct. App. 2013) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). "Exceptional circumstances require that a plaintiff demonstrate 'an extraordinary event beyond his or her control.'" <u>Little v. Baigas</u>, 390

P.3d 201, 207 (N.M. Ct. App. 2016) (quoting Ocana v. Am. Furniture Co., 91 P.3d 58, 66 (N.M. 2004)).

Plaintiff argues that he pursued his rights diligently by appealing the Board's decision in New Mexico state court on December 19, 2019. ECF No. 16 at 5. However, Plaintiff does not allege that he pursued his rights under the Fourteenth Amendment in that appeal. As such, the Court finds that Plaintiff has failed to carry his burden of setting forth sufficient facts supporting his position that he diligently pursued his rights. See EEOC v. Caesars Ent., No. 02:05CV00427LRH(PAL), 2006 WL 1168840, at *4 (D. Nev. Apr. 25, 2006) (finding that the plaintiffs/intervenors were not entitled to equitable tolling of their state law tort claims because, inter alia, although they pursued their statutory claims with the EEOC and the Nevada Equal Rights Commission, they did not pursue their state law tort claims).

Plaintiff further argues that two extraordinary circumstances "blocked [him] from pursuing his rights." Id. "The first was the stay issued by the State Court that rendered the purported revocation unenforceable for at least 211 days." Id. The second was "[t]he lifting of the stay as a result of the professional malpractice of Plaintiff's then counsel . . . ." Id. Plaintiff cites no authority supporting his position. See D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced"). Plaintiff's failure to cite authority supporting his position "suggests either that there is no authority to sustain [his] position or that it expects the court to do [his] research." Rapid Transit Lines, Inc. v. Wichita Developers, Inc., 435 F.2d 850, 852 (10th Cir. 1970). The Court declines the invitation. See id. Regardless, the Court is not persuaded that the state court's stay or his attorney's alleged "professional malpractice" in the state court action constitute extraordinary events beyond Plaintiff's control that stood in the way of him timely filing his Complaint in this entirely separate federal action within the three-year

limitations period. See Cadet v. Fla. Dep't of Corrs., 853 F.3d 1216, 1227 (11th Cir. 2017) ("[A]ttorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling . . . ."). Consequently, Count I is not subject to equitable tolling.

The Court further rejects Plaintiff's argument that the "repeated violation doctrine" tolls the limitations period. The repeated violation doctrine

> "divides what might otherwise represent a single, time-barred cause of action into several separate claims, at least one of which accrues within the limitations period prior to suit." That division, in turn, "allows recovery for only that part of the injury the plaintiff suffered during the limitations period"; recovery for the part of the injury suffered outside of the limitations period, however, remains unavailable.

Herrera v. City of Espanola, 32 F.4th 980, 995 (10th Cir. 2022) (quoting Hamer v. City of Trinidad, 924 F.3d 1093, 1100 (10th Cir. 2019) (first quoting Kyle Graham, The Continuing Violations Doctrine, 43 Gonz. L. Rev. 271, 280 (2008), then quoting White v. Mercury Marine Div., of Brunswick, Inc., 129 F.3d 1428, 1430 (11th Cir. 1997))). "To invoke the repeated violation doctrine, a plaintiff must identify a discrete act occurring within the statute of limitations period and not just the continuing effect of, or continuing harm from, a discrete act that occurred outside the limitations period." Id. (quoting Hamer, 924 F.3d at 1100). "Importantly, under the repeated violation doctrine, each new violation restarts the statute of limitations, but damages are available only for the violations occurring within that limitations period." Id. (citing Hamer, 924 F.3d at 1100). In the civil rights context, "the repeated violation doctrine stands for the straightforward proposition that discrete § 1983 violations occurring within the statute of limitations are actionable, even if claims for prior, similar violations are time barred." Id. (citing Hamer, 924 F.3d at 1107).

The Court finds that the repeated violation doctrine is inapplicable in this case because the Complaint fails to allege any Section 1983 violations that occurred within the three-year

limitations period. The Complaint alleges only one violation of Section 1983, and, as discussed above, that claim accrued <u>at the latest</u> on January 1, 2020.

For these reasons, the Court finds that Count I must be dismissed with prejudice as time-barred. <u>See</u> <u>Rodriguez</u>, 521 F. App'x at 671 (observing that a dismissal based on the statute of limitations is with prejudice) (citing <u>Gocolay</u>, 968 F.2d at 1021).

### B. Counts II through IV

Defendants' argue that Board members are considered public employees for purposes of the New Mexico Torts Claims Act ("NMTCA"), ECF No. 9 at 6 (citing N.M. Stat. Ann. § 41-4-3(F)(3)), and therefore Counts II through IV are subject to the NMTCA's two-year limitations period, <u>id.</u> (citing N.M. Stat. Ann. § 41-4-15). ECF No. 9 at 2. They argue that because the Complaint was filed more than two years after January 1, 2020, Counts II through IV should be dismissed as time-barred. <u>Id.</u>

Plaintiff wholly failed to respond to this argument.[9]

Counts II through IV each allege tort claims under New Mexico state law: negligence per se (Count II), ECF No. 1-1 ¶¶ 30-33; civil conspiracy to deprive Plaintiff of his license (Count III), <u>id.</u> ¶¶ 34-39; and prima facie tort (Count IV), <u>id.</u> ¶¶ 40-45.

The NMTCA, as codified, provides that "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death . . . ." N.M. Stat. Ann. § 41-4-15. "Public employee" means, inter alia, "persons acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation[.]" N.M. Stat. Ann. § 41-4-

---

[9] To the extent that the arguments regarding the accrual date, equitable tolling, and the repeated violation doctrine that Plaintiff asserted as to Count I may also apply to Counts II through IV, the Court adopts the findings it made in Section II(A), <u>supra</u>.

3(F)(3). "Governmental entity" includes "the state," N.M. Stat. Ann. § 41-4-3(C), which is defined as "the state of New Mexico or any of its branches, agencies, departments, boards, instrumentalities or institutions[,]" N.M. Stat. Ann. § 41-4-3(H). "The New Mexico Board of Dental Health Care . . . is a nine-member statutory entity consisting of five dentists that the New Mexico Governor appoints; two dental hygienists; and two public members." Gardner v. Schumacher, 547 F. Supp. 3d 995, 1006 (D.N.M. 2021) (citing N.M. Stat. Ann. § 61-5A-8(A)-(B)).

Here, the Complaint alleges that "[a]t all times relevant to this Complaint, the Defendants were acting under color of state law . . . ." ECF No. 1-1 ¶ 7 (citing N.M. Stat. Ann. §§ 61-5A-10; 61-5A-21; 61-1-3). As such, the Court finds that Defendants are public employees for purposes of the NMTCA's applicability, and that Counts II through IV are subject to the NMTCA's two-year limitations period.

Under the NMTCA, "the statute of limitations begins to run when the injury manifests itself and is ascertainable." Henderson v. City of Tucumcari, 114 P.3d 389, 393 (N.M. Ct. App. 2005) (citation omitted). Here, the injury manifested itself and was ascertainable at the latest on January 1, 2020 when the Board's decision to revoke Plaintiff's license became effective. Plaintiff filed his Complaint on January 23, 2023—more than three years after his state tort claims accrued. ECF No. 9.

Accordingly, Counts II through IV must be dismissed with prejudice as barred by the NMTCA's two-year statute of limitations. See Rodriguez, 521 F. App'x at 671 (observing that a dismissal based on the statute of limitations is with prejudice) (citing Gocolay, 968 F.2d at 1021).

## CONCLUSION

For the foregoing reasons, it is **HEREBY ORDERED** that:

1. Plaintiff's Motion for Partial Dismissal Without Prejudice, ECF No. 15, is **DENIED**;

2. Defendants' Motion for Judgment on the Pleadings, ECF No. 9, is **GRANTED**; and

3. Plaintiff's Complaint, ECF No. 1-1, is **DISMISSED WITH PREJUDICE**.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE